IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,384






EX PARTE TONY CANANDUS CURRY, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 38,417 IN THE 400TH JUDICIAL DISTRICT COURT OF
FORT BEND COUNTY





 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of aggravated robbery, and punishment was assessed at twenty-five
years' confinement. No direct appeal was taken.

 Applicant contends, inter alia, that he was denied his right to appeal. The trial court
entered findings of fact and conclusions of law recommending that Applicant be granted an
out-of-time appeal. We agree. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires appointed
counsel to "represent the defendant until charges are dismissed, the defendant is acquitted,
appeals are exhausted, or the attorney is relieved of his duties or replaced by other counsel". 
The duty to perfect an appeal attaches whether counsel is appointed or retained. See Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted to appeal,
counsel had the duty to timely file a motion for new trial or give timely notice of appeal,
unless relieved by the trial court or replaced by other counsel. In this case, counsel filed a
motion seeking to withdraw on the day after sentencing. Applicant was informed of
counsel's withdrawal, and of the thirty-day time limit for filing a notice of appeal. Applicant
filed a request with the trial court for appointment of appellate counsel, but this request was
not forwarded to the trial court until the date Applicant's notice of appeal was due. The trial
court granted trial counsel's motion to withdraw, but did not appoint appellate counsel until
after the appellate deadline. Therefore, Applicant was without counsel during the time for
filing a notice of appeal. 

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number 38,417 from the 400th District Court of Fort Bend County. 
The proper remedy in a case such as this is to return Applicant to the point at which he can
give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time
limits shall be calculated as if the conviction had been entered on the day that the mandate
of this Court issues. We hold that Applicant, should he desire to prosecute an appeal, must
take affirmative steps to see that notice of appeal is given within thirty days after the mandate
of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: April 12, 2006